IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tabatha Johnson, | C/A No. 0:24-04648-MGL-PJG |
| Petitioner, | |
| v. | **ORDER AND**<br>**REPORT AND RECOMMENDATION** |
| Director, Horry County Detention Center, | |
| Respondent. | |

Petitioner Tabatha Johnson, a self-represented state prisoner,[1] filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.). Having reviewed the Petition in

---

[1] The petition is signed by "Kim Green" who purports to be acting on Petitioner's behalf because Petitioner "doesn't have physical contact." (Pet., ECF No. 1-2 at 1.) Under Rule 2(c)(5) of the Rules Governing Section 2254 Cases in the United States District Courts, a § 2254 petition must "be signed under penalty of perjury by the petitioner *or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242*" (emphasis added). "Next friend" standing can be established if the person purporting to act on behalf of the petitioner provides "an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action" and shows she is "truly dedicated to the best interests of the person on whose behalf she seeks to litigate." Whitmore v. Arkansas, 495 U.S. 149, 163-64 (1990). "The burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." Id. at 164. Unless Kim Green can establish she qualifies as a next friend, the court cannot adjudicate the petition. See Edmonds v. Clarke, 2014 WL 11515545 (E.D. Va. Dec. 16, 2024); but see Williams v. Clarke, 2023 WL 1997076 (E.D. Va. Feb. 14, 2023) (served petition signed by somebody else and decided the petition on the merits, finding only that the signature issue meant the petition lacked a verification under penalty of perjury from the petitioner that the contents were true and correct). Kim Green has failed to establish any relationship to Petitioner and has thus failed to qualify as a next friend, providing an alternative reason for summary dismissal.

accordance with applicable law, the court concludes that it should be summarily dismissed for failure to exhaust state remedies.[2]

## I.     Factual and Procedural Background

Petitioner indicates she was sentenced in the Horry County Family Court on August 19, 2024, to six months imprisonment for failure to pay child support. (Pet., ECF No. 1 at 1, 5.) She argues her custody is unconstitutional because the family court refused to provide her with an attorney, despite her request for representation and status as indigent. (Id. at 5.) Petitioner indicates she has not exhausted her state remedies because the "state court w[o]nt correct the error." (Id.)

## II.    Discussion

### A.    Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in this case pursuant to the Rules Governing § 2254 Cases, 28 U.S.C. § 2254; the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214; and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (en banc); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

---

[2] Petitioner submitted an Application to Proceed in District Court Without Prepaying Fees or Costs (Form AO240), which the court construed as a motion for leave to proceed *in forma pauperis*. See 28 U.S.C. § 1915. (ECF No. 2.) A review of the motion reveals that Petitioner should be relieved of the obligation to prepay the full filing fee. Therefore, Petitioner's motion for leave to proceed *in forma pauperis* is granted, subject to the court's right to require a payment if Petitioner's financial condition changes, and to tax fees and costs against Petitioner at the conclusion of this case if the court finds the case to be without merit. See Flint v. Haynes, 651 F.2d 970, 972-74 (4th Cir. 1981).

This court is required to liberally construe *pro se* petitions, which are held to a less stringent standard than those drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007); King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

**B.     Analysis**

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that [] the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C.A. § 2254(B)(1)(A). Generally, district courts must dismiss petitions that have unexhausted claims. Rose v. Lundy, 455 U.S. 509, 515 (1982). Though exhaustion is not jurisdictional, Jenkins v. Fitzberger, 440 F.2d 1188, 1189 (4th Cir. 1971), the doctrine is strictly enforced, Thomas v. Eagleton, 693 F. Supp. 2d 522, 538 (D.S.C. 2010). Thus, the court should *sua sponte* summarily dismiss totally unexhausted petitions. See Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) ("Once a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further as to the petitioner's intentions. Instead, it may simply dismiss the habeas petition for failure to exhaust."); McCormick v. Vanover, Case No. 7:18CV00005, 2018 WL 582686, at *2 (W.D. Va. Jan. 29, 2018) ("If the petitioner clearly has available state court remedies remaining, the federal court must dismiss the § 2254 petition without prejudice to allow him to utilize those remedies.").

Here, it is clear from the face of the petition that Petitioner has not exhausted her state court remedies. She must challenge her custody through either a motion to modify or vacate the family

court's order or an appeal to a higher state court before she can seek federal habeas relief. See Rule 201, SCACR; S.C. Code Ann. § 63-3-530(A)(25). "Therefore, because it is clear that Petitioner has a viable state court remedy, this Court should not keep this case on its docket while Petitioner is exhausting h[er] state remedies." See Sanders v. Dir. of Sumter-Lee Reg'l Det. Ctr., C/A No. 9:17-2783-MBS-BM, 2018 WL 11487387, at *2 (D.S.C. 2018) (summarily dismissing § 2254 petition challenging child support custody for failure to exhaust state remedies), report and recommendation adopted by 2018 WL 11487388 (D.S.C. Apr. 11, 2018).

### III. Conclusion

Accordingly, the court recommends that the instant Petition for writ of habeas corpus be dismissed without prejudice and without requiring Respondent to file a return.

September 30, 2024  
Columbia, South Carolina

Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

*The Petitioner is directed to the important information in the attached "Notice of Right to File Objections to Report and Recommendation."*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).